IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY CLAY LEATHERS, ROBERT JEFFREY RHODES,<br><br>        Plaintiffs,<br><br>    v.<br><br>DAVID RUSSO, ZACHARY SAMS, COUNTY OF GREENE PENNSYLVANIA, GREENE COUNTY REGIONAL POLICE DEPARTMENT,<br><br>        Defendants. | 2:24-CV-00554-CCW |

## OPINION

Before the Court are Motions to Dismiss filed by Defendant County of Greene, ECF No. 18, and Defendant Greene County Regional Police Department, ECF No. 20, as well as a Motion to Strike filed by Defendant David Russo, ECF No. 21. For the following reasons, the Court will grant the County of Greene's Motion to Dismiss, deny the Police Department's Motion to Dismiss, and deny Mr. Russo's Motion to Strike.

## I.    Factual Background

This case stems from criminal charges that were filed against Plaintiffs Gregory Clay Leathers and Robert Jeffrey Rhodes based on their conduct as employees of the Greene County 911 Call Center. ECF No. 13.

The relevant factual allegations, taken as true, are as follows.

In July 2020, Defendant Greene County Regional Police Department was investigating an employee of the 911 Call Center for his failure to send an ambulance to the home of a dying woman. ECF No. 13 ¶¶ 15–20. As part of the investigation, Defendant Zachary Sams, the Greene

County Regional Police Chief at the time, served two search warrants on the Center. *Id.* ¶¶ 15–19. Plaintiffs allege that Mr. Sams was "working in concert and at the direction of" Defendant David Russo, who was the District Attorney for Defendant County of Greene. *Id.* ¶¶ 4, 24. In response to the search warrants, Plaintiffs agreed to provide the requested documents. *Id.* ¶ 20. And on July 8, 2020, Plaintiffs, along with another 911 Call Center employee, Richard Policz, copied and delivered the documents to Mr. Sams. *Id.* ¶¶ 28, 29. On July 1, 2022, Mr. Sams served a third search warrant on the 911 Call Center, to which Mr. Policz responded. *Id.* ¶¶ 30, 31.

On July 18, 2022, Mr. Sams, in his capacity as a Greene County Detective, and "at the direction of" Mr. Russo, filed criminal charges against the Plaintiffs and arrested them. *Id.* ¶ 35. The charges stemmed from Plaintiffs' handling of the search warrants and included felony and misdemeanor counts for tampering with public records or other evidence and the obstruction of administrative law or other governmental functions. *Id.* On November 20, 2023, all charges against Plaintiffs were dismissed. *Id.* ¶ 51.

Plaintiffs allege that there was no factual or legal basis to support the charges filed against them, and that Defendants Russo and Sams were aware that they lacked probable cause when they arrested Plaintiffs. *Id.* ¶¶ 34, 39. Instead, Plaintiffs assert that Defendants Sams and Russo filed these charges "to achieve personal and political gain." *Id.* ¶ 59. Plaintiffs explain that Mr. Russo was engaged in a political battle with the Greene County Commissioners, who oversaw the 911 Call Center, and the filing of charges against Plaintiffs was an attempt to advance Mr. Russo's narrative that the Commissioners were not properly managing county offices, including the 911 Call Center. *Id.* ¶ 61. Plaintiffs point to numerous other instances of this "political battle" between Mr. Russo and the Commissioners. *Id.* ¶ 57.

On June 28, 2024, Plaintiffs filed their Amended Complaint.  The Amended Complaint includes federal claims under 42 U.S.C. § 1983 against all Defendants, as well as state law claims against only the individual defendants, David Russo and Zachary Sams.  The individual defendants have filed Answers in the case, ECF Nos. 23, 36, but Greene County and the Regional Police Department (the "Institutional Defendants"), each move to dismiss the claims against them. ECF Nos. 18, 20.  Individual Defendant Mr. Russo moves to strike certain allegations from the Amended Complaint.  ECF No. 21.  The Motions are fully briefed and ripe for resolution.[1]  ECF Nos. 18–22, 30–35.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  (quoting *Twombly*, 550 U.S. at 556).

---

[1] The Court has jurisdiction over the 28 U.S.C. § 1983 claims, which raise federal questions, under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

## III.    Legal Analysis

In Count 2 of their Amended Complaint, Plaintiffs bring *Monell* claims under § 1983 against the Institutional Defendants for the failure to train and implement procedures regarding the execution of search warrants and the filing of criminal charges.  ECF No. 13 ¶¶ 78–95.  In response, the Department and the County have each moved to dismiss the *Monell* claims in Count 2.  ECF Nos. 18, 20.  The Court will address each Motion below.

### A.    The Motion to Dismiss by Greene County Regional Police Department, ECF No. 20

The Department has filed a 1.5-page Motion, with no accompanying brief, requesting that the Court dismiss the Amended Complaint, with prejudice, as against the Department.  ECF No. 20.  In support, the Department merely states that "it is well-settled that a police department,

including a regional police department, is not an entity that can be sued." ECF No. 20 ¶ 3. The Department cites two District Court cases from outside this District, without any supporting discussion or argument. As a threshold matter, the Department has failed to comply with this Court's Practices and Procedures (explaining that "any motion seeking a substantive legal ruling, whether dispositive or non-dispositive, must be accompanied by a supporting brief, filed contemporaneously with the motion), and with the Local Rules for the United States District Court for the Western District of Pennsylvania ("Motions in all civil actions pending in this Court shall comply with . . . the practices and procedures of the assigned Judge.").

Plaintiffs respond that the Department can be held liable under § 1983 for a municipal policy or lack thereof. ECF No. 35 at 3. Although the Department contends that its immunity under § 1983 "is well-settled," the Court finds otherwise. While the U.S. Court of Appeals for the Third Circuit has found that municipal police departments are not an entities that can be sued under § 1983, it has not addressed the immunity of regional police departments. *See Brown v. Keystone Human Services*, No. 22-2571, 2023 WL 1962061, at *2 (3d Cir. Feb. 13, 2023) ("Municipal police departments are governmental sub-units that are not distinct from the municipalities of which they are a part, and thus may not be sued separately under § 1983.") (cleaned up).

Here, the Department asserts that it "is a police Department created by multiple townships in the County of Greene." ECF No. 20 ¶ 2. Therefore, because the Department is a regional police department serving multiple townships, it is not clear that such an entity is treated the same as a municipal police department. And the Department has wholly failed to meet its burden to establish that it should be treated as such and that it is immune from suit. Accordingly, the Court will deny the Department's Motion to Dismiss.

**B.    The Motion to Dismiss by County of Greene, ECF No. 18**

In Count 2 of the Amended Complaint, Plaintiffs assert *Monell* claims under § 1983 against the Institutional Defendants for the failure to establish policies regarding the execution of search warrants and the filing of criminal charges.  ECF No. 13 ¶¶ 78–95.  Because of the failure to implement appropriate policies, Plaintiffs allege that the Institutional Defendants violated their Fourth and Fourteenth Amendment rights.[2]  *Id.* ¶¶ 94, 95.  Now, the County seeks to dismiss the *Monell* claims because, among other reasons, Plaintiffs have failed to allege a policy or custom that was a "moving force" behind the alleged constitutional violations.  ECF No. 19 at 5–7.  Plaintiffs respond that they are asserting a failure-to-train claim because it was the Institutional Defendants' deliberate inaction—not an official policy or custom—that led to the constitutional violations.  ECF No. 33 at 3–5.

Section 1983 establishes a statutory cause of action to vindicate constitutional violations.  42 U.S.C. § 1983.  To state a claim under § 1983, plaintiffs must plead that they were "deprived of a federal constitutional or statutory right by a state actor."  *Coulter v. Coulter*, No. 23-2222, 2024 WL 163081, at *1 (3d Cir. Jan. 16, 2024); *see Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting 42 U.S.C. § 1983).  While "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), it "can be held liable [for constitutional violations] when the 'execution of a government's policy or custom . . . inflicts the injury.'"  *Bhatnagar v. Meyer*, No. 22-2848, 2023 WL 5378834, at *3 (3d Cir. Aug. 22, 2023) (citing *Monell*, 436 U.S. at 694).

---

[2] Because Count 2 of the Amended Complaint alleges failure-to-train *Monell* claims against both Institutional Defendants, and because such claims mirror each other such that the analysis for each Institutional Defendant will be the same, the Court will address both Institutional Defendants together, even though the Greene County Regional Police Department has not moved to dismiss on these grounds specifically.  *See Hitch v. Frick Pittsburgh*, No. 22-cv-1801, 2023 WL 3743044, at *3 (W.D. Pa. May 31, 2023) (Stickman, J.) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (stating that the authority to dismiss a case is an inherent "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

Therefore, to state a *Monell* claim, a plaintiff must allege that his "harm was caused by a constitutional violation" and that "the municipality is responsible for that violation." *Id.* at *3. A plaintiff may allege that the municipality is responsible because it implemented an unconstitutional policy, custom, or practice or because it failed to train or supervise its employees. *See Est. of Kamal by & through Kamal v. Twp. of Irvington*, 790 F. App'x 395, 398 (3d Cir. 2019).

Where, as here, the plaintiff asserts a failure-to-train claim, he must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020). Such claims are "difficult" to establish. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A [local government's] 'culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'"); *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) ("Establishing municipal liability on a failure to train claim under § 1983 is difficult.").

Generally, municipal liability for the failure to train requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary...." *Johnson*, 975 F.3d at 403. But where a plaintiff does not allege a pattern of violations, he may establish municipal liability through a single incident where "the need for more or different training [was] so obvious," *id.*, or where the risk of injury was a "highly predictable consequence" of the failure to train, *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 225 (3d Cir. 2014). Therefore, a plaintiff must show that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014).

Here, Plaintiffs have not alleged a pattern of constitutional violations as they do not point to other individuals who suffered similar violations due to the alleged lack of training. And while Plaintiffs do refer to other instances involving the issuance of search warrants and the filing of criminal charges, they fail to allege that such instances were caused by the Institutional Defendants' failure to train or were part of a pattern of constitutional violations. *See, e.g.*, ECF No. 13 ¶ 57(i)–(l) (explaining that "an unlawful conspiracy between Defendants Russo and Sams"—not a lack of training—resulted in an improper search and seizure of emergency medical kits); (o)–(s) (discussing the filing of criminal charges which later "proved to be false" without explaining whether a lack of training contributed to such a result); (ee)–(jj) (discussing the withdrawal of a criminal case against a Greene County Commissioner based on a determination that probable cause did not exist but not explaining whether a lack of training contributed to the filing of these charges).

Plaintiffs have also failed to state a claim under a single incident theory because they have not alleged that the Institutional Defendants' failure to train caused the Plaintiffs' injuries. "[T]he identified deficiency in a [municipality]'s training program must be closely related to the ultimate injury; or in other words, the deficiency in training [must have] actually caused the constitutional violation." *Thomas*, 749 F.3d at 222 (internal citations omitted); *see, e.g.*, *Robinson v. Fair Acres Geriatric Ctr.*, 722 F. App'x 194, 199–200 (3d Cir. 2018) (affirming plaintiff did not state a *Monell* claim based on the failure to hire a sufficient number of nurses because she did not adequately allege that a lack of support staff or the unavailability of nurses caused her injuries).

Here, Plaintiffs failed to allege that the lack of training caused Defendants Russo and Sams to issue improper search warrants and file criminal charges without probable cause. Instead, they allege that Defendants Russo and Sams were motivated by "personal and political gain" and

wanted to advance a narrative that the Greene County Commissioners were failing to properly perform their duties. ECF No. 13 ¶¶ 58–61 (asserting that Mr. Russo acted with "personal motive and malice" and that Mr. Sams acted to "achieve personal and political gain."). Further, the Amended Complaint explicitly states that the "filing of false and unfounded criminal charges against the Plaintiffs was a result of, and directly motivated by the dispute(s) between Defendant Russo and the Greene County Commissioners"—not by the Institutional Defendants' failure to provide proper training. *Id.* ¶¶ 60; 62 (explaining that the issuance of search warrants on the 911 Call Center and the filing of criminal charges against Plaintiffs were "wrongfully motivated by the Defendant Russo in his attempts to link the Greene County Commissioners to criminal wrongdoing."); 67 ("The Plaintiffs were maliciously targeted by the Defendants Russo and Sams to further Defendant Russo's political grandstanding in his battle with the Commissioners."). Therefore, Plaintiffs have failed to allege that the Institutional Defendants' failure to train "actually caused" or is "closely related" to the Plaintiffs' injuries. *See Thomas*, 749 F.3d at 222.

Plaintiffs' allegations regarding their failure-to-train claim also fail because they are too vague and conclusory. Where a complaint contains only conclusory allegations, it "fail[s] to satisfy the 'rigorous standards of culpability and causation' required for municipal liability." *Young v. City of Chester* 764 F. App'x 262, 265 (3d Cir. 2019). Here, Plaintiffs merely restate the elements of a failure-to-train *Monell* claim which is insufficient to state a claim under § 1983. *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) (Hardy, J.) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*."); *see, e.g.*, ECF No. 13 ¶¶ 89, 90 (conclusorily stating that the "[f]ailure to properly train Police officers, Police Chiefs, County Detectives and Chief County Detectives will likely result in constitutional violations" but not

identifying the officers or training deficiencies at issue);  93 (conclusorily stating that the Institutional Defendants failed "to establish appropriate policies and procedures to address and correct the repeated use of unlawful arrest, malicious prosecution, and unlawful search and seizure by Police Officers, Police Chiefs, Greene County Chief Detectives and Detectives" but not identifying the training deficiency or relevant officers).

Further, Plaintiffs do not identify a specific training that the Institutional Defendants failed to provide. *Weber v. Erie Cnty.*, No. 1:19-00124, 2020 WL 5983275, at *4 (W.D. Pa. Oct. 8, 2020) (Lanzillo, J.) ("A failure to train claim requires a plaintiff to identify specific training not provided that could reasonably be expected to prevent the injury that occurred.") (citing *Joines v. Twp. of Ridley*, 229 F. App'x 161, 163–64 (3d Cir. 2007));  *see, e.g.*, ECF No. 13 ¶¶ 85, 86 (explaining that the Institutional Defendants "ha[ve], or should have, established policies and procedures for its County Detectives regarding the use of search and seizure of places and persons, power to arrest, the execution of search warrants, the filing of criminal charges against individuals and the arrest of individuals" without explaining what training was lacking or why the training provided was deficient).  Nor do they allege facts showing that any deficiency was a "deliberate or conscious choice." *Harper v. Cnty. of Del.*, 779 F. App'x 143, 147 (3d Cir. 2019) (affirming dismissal of failure-to-train *Monell* claim where plaintiff "alleged nothing suggesting a failure to train, let alone that the failure was a 'deliberate or conscious choice.'").

Accordingly, because Plaintiffs' failure-to-train *Monell* claims fail as to both County of Greene and the Greene County Regional Police Department, the Court will grant the County's Motion to Dismiss and dismiss the *Monell* claims in Count 2 against both Institutional Defendants.

### C.    The Motion to Strike by David Russo, ECF No. 21

Defendant David Russo, the former District Attorney for Greene County, has filed an Answer in this case as opposed to a motion to dismiss.  However, he moves to strike paragraphs 57(a)–(jj) of the Amended Complaint because they are "impertinent and immaterial to the outcome of the litigation and appear so scandalous in nature that there is no question the allegations would prejudice [him]."  ECF No. 22 at 4.  Plaintiffs respond that these paragraphs do not contain information rising to the level of "scandalous," and that the information is relevant because it shows the "history of the bank-and-forth [sic] game in by which Mr. Russo attempted to exert his influence over fellow county employees and elected officials."  ECF No. 34 at 3.

Under Rule 12(f), a court may strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter."  *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 83 (3d Cir. 2020) (quoting Fed. R. Civ. P. 12(f)).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Nelson v. State Farm Fire & Cas. Co.*, 464 F. Supp. 3d 741, 753 (W.D. Pa. 2020) (Colville, J.).  That said, however, motions to strike are "generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case."  *Summerson v. James Drug Store of Martinsburg, Inc.*, No. 3:20-cv-128, 2021 WL 84307, at *1 (W.D. Pa. Jan. 11, 2021) (Haines, J.).

Here, many of the challenged allegations appear to be immaterial or impertinent, *see, e.g.*, ECF No. 13 ¶ 57(a) (explaining that, in 2020, Mr. Russo refused a request to investigate the disappearance of 4,000 marijuana plants);  (y)–(dd) (discussing Mr. Russo's behavior regarding the ordering of names on the ballot for the election of the Greene County District Attorney), as well as scandalous and prejudicial, *see, e.g.*, ECF No. 13 ¶ 57(b) (discussing Mr. Russo's alleged "displays of public intoxication, public urination, and indecency");  (c)–(h) (alleging Mr. Russo

behaved improperly toward the Greene County Victim Witness Office).  Further, while some of the challenged allegations appear to relate to the execution of search warrants and filing of criminal charges, as currently alleged, they are likely to confuse the issues in this case as Plaintiffs have not adequately explained how such allegations relate to the claims in their Amended Complaint.  *See, e.g.*, ECF No. 13 ¶ 57 (i)–(l) (alleging the improper issuance of a search warrant for, and the seizure of, emergency medical kits in an unrelated case);  (o)–(s) (discussing the filing of charges and issuing of warrants in apparently unrelated cases);  (ee)–(jj) (discussing a separate criminal case that Defendants Russo and Sams brought against a Greene County Commissioner).  The Court, however, does not find that striking these allegations is warranted at this time.  Because the Court is providing Plaintiffs the opportunity to amend their Complaint, it will not strike any allegations, and instead allow Plaintiffs the opportunity to amend these allegations so as to include only proper, relevant, and material allegations.

Accordingly, the Motion to Strike will be DENIED without prejudice.

## IV.    Conclusion

For the forgoing reasons, the Court will GRANT County of Greene's Motion to Dismiss such that the *Monell* claims in Count 2 against Defendants County of Greene and Greene County Regional Police Department are DISMISSED WITHOUT PREJUDICE.  Further, the Court will DENY Greene County Regional Police Department's Motion to Dismiss and David Russo's Motion to Strike.  Finally, Plaintiffs will be granted leave to amend their *Monell* claims in Count 2 and the allegations in ¶ 57.

DATED this 29th day of January, 2025.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record